UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CRYSTAL ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| WELTMAN, WEINBERG & REIS ) | |
| CO., L.P.A. ) | JURY TRIAL DEMANDED |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, John Crystal, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, John Crystal, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant conducts business in the District and maintains a primary office location in this District.

### III.  PARTIES

4. Plaintiff, John Crystal, is an adult natural person residing at 112 Cornwall Road, Rehoboth, DE 19971. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), at all times relevant hereto, is and was a limited partnership association engaged in the business of collecting debt within the State of Delaware and the Commonwealth of Pennsylvania with a principal place of business located at 325 Chestnut Street, Suite 501, Philadelphia, PA 19106.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. On or around February 9, 2010, Plaintiff was contacted from Defendant's agent, "Ms. Mitchell", in regards to an alleged debt owed to CitiBank for approximately $4,500.74.

8. Plaintiff informed Defendant's agent that he had retained the services of the law firm Persels & Associates to help him in the settlement of his unsecured debt.

9. Plaintiff told Defendant's agent, that they would have to contact Persels & Associates directly on this matter.

10. At that time, Defendant stated that they would not work with Persels.

11. On or about February 12, 2010, Plaintiff's wife answered a call from Defendant's agent, "Ms. Mitchell", who informed her that her husband had a court date on Monday, February 15, 2010.

12. Plaintiff has no knowledge of the so-called scheduled court date.

13. On that same call, Defendant's agent, "Ms. Mitchell", went on to tell Plaintiff's wife that if the account was not settled for at least $2,700.00 that day that Plaintiff would have no choice but to appear in court.

14. On that same day, February 12, 2010, Persels & Associates sent a "cease and desist" letter to the Defendant informing them that they were representing Plaintiff on this issue and that they would need to cease all further direct contact pursuant to The Fair Debt Collection Practices Act. **See Exhibit "A" (letter) attached hereto.**

15. Persels and Associates also stated that they are acting as the Limited Power of Attorney for Plaintiff.

16. On or about February 15, 2010, Plaintiff received a call from the Defendant looking for payment on this account.

17. On or about February 17, 2010, Plaintiff continued to receive calls from Defendant's agent in regards to this debt.

18. Plaintiff has never received any legal documentation in regards to this debt.

19. Defendant has never sent anything in writing to the Plaintiff in regards to this matter.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes

and is a "debt" defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Weltman, Weinberg & Reis Co., L.P.A. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: February 24, 2010    BY: /s/Bruce K. Warren
　　　　　　　　　　　　　　　　Bruce K. Warren, Esq.

　　　　　　　　　　　　　　　　**/s/Brent F. Vullings**
　　　　　　　　　　　　　　　　Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff